# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| In the Matter of the Detention of | ) No. 71996-3-I |
| | ) |
| R.R., | ) DIVISION ONE |
| | ) |
| Appellant. | ) UNPUBLISHED OPINION |
| | ) |
| | ) FILED: June 8, 2015 |

TRICKEY, J. — R.R. appeals an order committing her to inpatient mental health treatment for a period of up to 90 days. She asserts that insufficient evidence supported the trial court's finding that she presented a likelihood of serious harm to herself. We affirm.

## FACTS

On April 10, 2014, a designated mental health professional detained R.R. pursuant to RCW 71.05.153 on the grounds that she was gravely disabled and presented a risk of serious harm to herself and others. The following day, the State filed a petition seeking to involuntarily commit R.R. for evaluation and treatment. The petition and supporting declarations alleged that R.R. was hearing voices, had attempted to climb out of a window 30 feet from the ground, and had crawled across a busy street with a stick in her mouth. R.R. also threatened her mother with a knife and started several fires while smoking methamphetamine. On April 15, R.R. stipulated to a 14-day period of commitment.

On April 24, the State petitioned for an additional 90 days of treatment. At the hearing on the petition, the State presented the testimony of Dr. Carmen Croicu, a psychiatrist at Harborview Hospital, and Willerie Razote, R.R.'s sister.

Dr. Croicu testified that R.R. suffered from a psychotic illness with depressive symptoms. She testified that on April 14, R.R. disappeared while eating dinner. Within two minutes, R.R. was found in another patient's room, having wrapped an electrical cord around her neck. A nurse grabbed R.R.'s hands and forced her to release the cord. Dr. Croicu testified that R.R. could have died within a few minutes. Dr. Croicu also testified that R.R. had very poor insight into her mental health conditions and was likely to refuse to take her medication if released from the hospital.

Willerie Razote, R.R.'s sister, testified that she visited R.R. the day before the hearing and that R.R. became agitated when Razote told her that the family supported the hospital's recommendation for continued inpatient treatment. Razote testified R.R. said "it's better to die and that she's done it before and to take care of [R.R.'s] daughter."[1] A few days prior to that conversation, R.R. told Razote that she "felt happy" during her April 14 suicide attempt.[2] R.R. also frequently referred to herself as "the lamb" and stated that "she's here to save humanity."[3] Razote interpreted these statements as further indication of R.R.'s intention to kill herself.

The trial court found that R.R. had threatened, attempted, or inflicted physical harm upon herself and presented a likelihood of serious harm. The trial court also found that a less restrictive alternative was not in R.R.'s best interest.

---

[1] Report of Proceedings at 11.
[2] Clerk's Papers (CP) at 15-16.
[3] CP at 22.

2

The trial court entered an order committing R.R. for further treatment for a period of up to 90 days. R.R. appeals.

## ANALYSIS

An individual committed for an initial 14-day period may be confined for further treatment if, after having been taken into custody for evaluation and treatment, he or she (1) has threatened, attempted, or inflicted physical harm upon himself or herself, and (2) presents a likelihood of serious harm as a result of a mental disorder. RCW 71.05.280(1)(a),(b). "Likelihood of serious harm" includes a substantial risk that "[p]hysical harm will be inflicted by a person upon his or her own person, as evidenced by threats or attempts to commit suicide or inflict physical harm on oneself." RCW 71.05.020(25)(i). The burden of proof is by clear, cogent, and convincing evidence. RCW 71.05.310. Where, as here, a trial court has weighed the evidence, our review is limited to determining whether substantial evidence supports the findings and, if so, whether the findings support the conclusions of law. In re Detention of A.S., 91 Wn. App. 146, 162, 955 P.2d 836 (1998).

R.R. challenges the trial court's finding that she presented a likelihood of serious harm to herself. However, the State presented evidence that during her initial commitment R.R. attempted to strangle herself with an electrical cord. R.R. argues that because her suicide attempt occurred nearly a month before the hearing date it was too remote in time to support a finding of likelihood of harm. But R.R. reiterated her desire to kill herself on multiple separate occasions up until the date of the hearing. Moreover, R.R. did not believe she suffered from mental

3

illness and did not wish to take her medication. Accordingly, the trial court's finding that R.R. presented a likelihood of serious harm to herself was supported by sufficient evidence.

Affirmed.

_Trickey, J_

WE CONCUR:

_Leach, J_                              _Dwyer, J._